DE JESÚS, PETITIONER AND APPELLANT, *v.* PEOPLE, RESPONDENT AND APPELLEE.

APPEAL from the District Court of Guayama in Habeas Corpus Proceedings.

No. 1345.—Decided December 20, 1918.

HABEAS CORPUS—WARRANT OF ARREST.—When a person has been arrested on a warrant which is alleged to be defective and is later convicted of the crime for which the warrant was issued, it would be useless to consider a petition for a writ of habeas corpus based on the supposed defect of the warrant of arrest.

The facts are stated in the opinion.

*Mr. F. Cervoni Gely* for the appellant.

*Mr. S. Mestre, fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant applied to the District Court of Guayama for a writ of habeas corpus on the ground that the warrant under which he was arrested contained certain defects and that there was no probable cause for his imprisonment.

The writ issued and the following decision was rendered:

"This day having been set for the hearing on this petition for a writ of habeas corpus, the parties duly appeared by their attorneys. From the defendant's admissions, made through his counsel, with regard to the facts which he considers proved and from the evidence introduced by the district attorney, it appears that this defendant is now serving a sentence in the district jail under a judgment rendered by this district court, and therefore, as the only purpose of the writ of habeas corpus is to obtain the release of the prisoner, which cannot be ordered because he is serving a sentence after conviction, the court is of the opinion that the writ of habeas corpus has no legal effect and serves no practical purpose, wherefore the court discharges the writ."

Petitioner Isabelino de Jesús, alias "El Indio," appealed from that decision, but has submitted no written or oral brief to this court.

In view of the decision of the lower court denying the petition on the ground that it would serve no practical purpose since the petitioner was serving a sentence, we understand that such sentence is for the crime charged in the warrant of arrest which Isabelino de Jesús considers defective.

As the warrant of arrest on which the petition for the writ of habeas corpus is based was rendered ineffective by his conviction, it would be superfluous to consider whether it contained defects which would justify his release, for he is not now imprisoned under that warrant.

Nor could we reverse the decision appealed from, for the admissions of the defendant, made through his counsel, and the result of the evidence introduced by the district attorney do not appear in the record submitted to us for review, therefore we are not in the same position as was the lower court when it ruled on the petition.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.